UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 06-CR-20020 |
| | ) | |
| **CARL DICKERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **OPINION**

Defendant, Carl Dickerson, pled guilty to a cocaine base (hereinafter "crack") offense in 2007 and now petitions this court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and to also appoint him counsel. For the reasons that follow, Defendant's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (#89) and Appointment of Counsel (#93) are DENIED.

BACKGROUND

Defendant was indicted on February 22, 2007, on one count of conspiracy to distribute and possess five kilograms of cocaine and fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On July 9, 2007, Defendant pled guilty to the charge in the indictment. Defendant was sentenced to 240 months in prison, the statutory mandatory minimum sentence, on January 15, 2008.

On July 16, 2008, Defendant filed his Pro Se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (#89). In his Motion, Defendant simply asked if he was eligible for the crack sentence reduction. That same day this court appointed the Federal Defender's office to represent Defendant in his Motion. On July 21, 2008, Defendant's attorney, First Assistant Defender Jonathan E. Hawley, filed a Motion to Withdraw as Counsel (#90), stating that upon his thorough review, Defendant was ineligible for a sentence reduction

because Defendant was sentenced to the statutory mandatory minimum sentence and the court cannot impose a sentence lower than the one originally imposed, regardless of the amendment to the crack cocaine guideline. On July 29, 2008, Defendant filed a Pro Se Motion to Appoint Counsel (#93), arguing that he was "illiterate" to federal law. This court granted First Assistant Defender Hawley's Motion to Withdraw (#90) and in an Order (#94) dated August 1, 2008, ordered Defendant to either concede that the guidelines amendment does not apply because he was sentenced to the statutory mandatory minimum, or to explain why the amendment applies in spite of the statutory mandatory minimum.

On August 13, 2008, Defendant filed his Response to Order: Re Crack Cocaine Amendment (#97). In his Response, Defendant argued that he provided substantial assistance to law enforcement officers in other investigations and to the government by testifying on their behalf during the trial of Ronnie Blount. He also claimed that he is not the same man he was when indicted and wants to raise his children as well as be a productive member of society. Finally, Defendant argued that he should have received a lesser sentence if his drug amount was all powder cocaine and his substantial assistance to law enforcement was taken into account.

ANALYSIS

According to the Pre-Sentence Investigation Report (#65) and Statement of Reasons for Imposing Sentence (#69) Defendant was facing a statutory minimum sentence of 240 months in prison and maximum sentence of life in prison for the crime charged as Defendant had a prior felony drug conviction. 21 U.S.C. 841(b)(1)(A). The court noted that it was imposing the mandatory minimum sentence.

Section 3852(c)(2) states:

"[I]n the case of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission

pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 28 U.S.C. § 3582(c)(2).

Comment n. 1(A) to Sentencing Guideline § 1B1.10 states:

"Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers an applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (I) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment n. 1(A).

Under the language of the above note, Defendant is not entitled to a sentence reduction. He was sentenced under a statutory mandatory minimum penalty for the amount of drugs involved and his prior felony drug conviction. The guidelines expressly state that he cannot receive the reduction. This court ordered Defendant to show why, in spite of that language, he should receive a reduction under § 3582(c)(2). Defendant, in his Response, could not show why he should receive a reduction. Instead, Defendant made arguments concerning his previous attorneys' performances and his efforts at self reform. Accordingly, as Defendant was sentenced

to a statutory mandatory minimum sentence, he is not entitled to a sentence reduction and his Motion (#89) must be denied.

Further, Defendant's Pro Se Motion for Appointment of Counsel (#93) must also be DENIED. Defendant already had counsel previously appointed on this Motion (#89) by this court. That counsel asked and was granted withdrawal once it became apparent to counsel that Defendant's motion seeking to reduce his sentence had no merit. Therefore, Defendant is not entitled to yet another appointment of counsel on the same matter.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Pro Se Motion for Appointment of Counsel (#93) is DENIED.

(2) Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (#89) is DENIED.

(3) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 16th day of September, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE